IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FLORES and ALEJANDRO SICAJAU,<br><br>    Plaintiffs,<br><br>  v.<br><br>EI MAINTENANCE COMPANY and KEN IRWIN,<br><br>    Defendants.<br>_____/ | No. C 09-3613 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE<br>(Docket No. 18) |

    Defendants EI Maintenance Company and Ken Irwin move to dismiss or, in the alternative, to strike claims asserted by Plaintiffs Manuel Flores and Alejandro Sicajau. Defendants also move for a more definite statement. Plaintiffs oppose the motion. The motion was taken under submission on the papers. Having considered all the papers submitted by the parties, the Court GRANTS in part Defendants' motion to dismiss and alternative motion to strike, and DENIES them in part. The Court stays all proceedings as to Defendant Ken Irwin because of his ongoing bankruptcy case.

BACKGROUND

    Plaintiffs allege that, for some period of time over the past four years, they worked for Defendant EI Maintenance Company, a "construction clean-up company" based in Foster City, California. First Am. Compl. (FAC) ¶ 7. They claim that they worked regularly

in excess of eight hours per day and forty hours per week. Plaintiffs allege that they were not compensated for their overtime hours, as required by California and federal law. They aver that they did not perform duties that would have exempted Defendants from compensating them for overtime.

Plaintiffs assert the following claims against Defendants: (1) failure to pay overtime, in violation of California Labor Code section 510; (2) failure to pay overtime, in violation of the Fair Labor Standards Act (FLSA); (3) failure to pay wages due, in violation of California Labor Code section 201; (4) violation of California Business and Professions Code section 17200; and (5) providing inadequate pay statements, in violation of California Labor Code section 226.

Defendant Ken Irwin, who allegedly had control over Plaintiffs' working conditions, has filed a notice stating that he has a pending bankruptcy petition in the United States Bankruptcy Court. Mr. Irwin asserts that, under 11 U.S.C. § 362(a)(1), he is entitled to an automatic stay of Plaintiffs' proceedings.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. <u>NL</u>

2

1  Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
2  However, this principle is inapplicable to legal conclusions;
3  "threadbare recitals of the elements of a cause of action,
4  supported by mere conclusory statements," are not taken as true.
5  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)
6  (citing Twombly, 550 U.S. at 555).

                              DISCUSSION

    In their opening brief, Defendants argue, among other things, that typographical errors in Plaintiffs' original complaint rendered some claims vague, warranting their dismissal. To address these issues, Plaintiffs filed a FAC to address the errors complained of by Defendants. In their reply, Defendants state that the FAC corrects the purported pleading deficiencies based on the typographical errors. Defendants maintain that, despite these corrections, Plaintiffs' complaint remains susceptible to dismissal.

I.  Plaintiffs' Failure to Consent

    Defendants argue that Plaintiffs' action must be dismissed for failure to state a claim and for lack of subject matter jurisdiction because Plaintiffs have not consented to participate in this suit. In actions to enforce FLSA provisions, no "employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

    Plaintiffs have not consented in writing to be parties in this action. Neither their FAC nor any other written declaration provides their consent. As a result, they have not met the

requirements to bring suit under the FLSA.[1]  To proceed on their claims, Plaintiffs must file, in writing, statements indicating their consent.

II. Sufficiency of Plaintiffs' Claims under California Business and Professions Code Section 17200

Plaintiffs claim that Defendants' failure to abide by state and federal wage-and-hour laws constitutes a violation of California Business and Professions Code section 17200, which is also known as California's Unfair Competition Law (UCL).  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-39 (1994).

Defendants maintain that Plaintiffs' UCL claims must be dismissed because Plaintiffs do not allege any facts that tend to show monopolistic or anti-competitive practices.  They cite two cases, both of which address antitrust claims.  See Gonzales v. Proctor and Gamble Company, 247 F.R.D. 616 (C.D. Cal. 2007); Breakdown Services, Ltd. v. Now Casting, Inc., 550 F. Supp. 2d 1123 (C.D. Cal. 2007).  However, Plaintiffs do not assert that Defendants violated state or federal antitrust law; they allege

---

[1] Plaintiffs' FAC asserts that this Court's jurisdiction, pursuant to 28 U.S.C. § 1331, rests on their FLSA claims.  If Plaintiffs fail to state such claims, the Court would lack federal-question subject matter jurisdiction over their action.

4

that Defendants committed wage-and-hour violations. UCL claims do not require allegations of anti-competitive conduct; the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Blanks v. Shaw, 171 Cal. App. 4th 336, 363-64 (2009) (citation and internal quotation marks omitted).

Plaintiffs aver that Defendants violated section 17200 by failing to compensate them for overtime pursuant to state and federal law. This allegation sufficiently supports Plaintiffs' claims under section 17200.

III. Allegations Concerning Deprivation of the Minimum Wage and Meal Premiums

In connection with their UCL claims, Plaintiffs assert that they have "been illegally deprived of the minimum wage, overtime pay and missed meal premiums to which they were legally entitled . . . ." FAC ¶ 42. Defendants assert that Plaintiffs do not allege facts to support the allegations concerning the failure to pay a minimum wage or meal premiums and, as a result, these allegations should be stricken.[2] Plaintiffs acknowledge that they are not bringing claims concerning the minimum wage or meal periods. Accordingly, because the allegations concerning the minimum wage and meal periods are immaterial to Plaintiffs' claims for overtime pay, the Court strikes them from the FAC. See Fed. R. Civ. P. 12(f).

---

[2] Defendants also argue that, because Plaintiffs do not plead facts to support the allegations concerning Defendants' failure to pay a minimum wage or meal premiums, Plaintiffs' UCL claim must be dismissed. However, as noted above, Plaintiffs state a UCL claim based on their allegations that Defendants failed to compensate them for overtime.

5

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendants' motion to dismiss and alternative motion to strike, and DENIES them in part. Within three days of the date of this Order, Plaintiffs shall file declarations that formally state their consent to sue. Their failure to do so will result in the dismissal of their FLSA claims. If Plaintiffs file consents, Defendant EI Maintenance Company shall file its answer within twenty-one days of the date of their filing. In addition, the Court strikes the allegations contained in paragraph forty-two of Plaintiffs' FAC concerning Defendants' failure to pay the minimum wage and missed meal premiums.

The Court stays all proceedings as to Defendant Ken Irwin because he has an ongoing bankruptcy case.

A case management conference is scheduled for May 4, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: March 18, 2010

CLAUDIA WILKEN
United States District Judge