IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUEL FLORES and ALEJANDRO SICAJAU,

    Plaintiffs,

  v.

EI MAINTENANCE COMPANY and KEN IRWIN,

    Defendants.
                                        /

No. C 09-3613 CW

ORDER AMENDING COURT'S ORDER OF MARCH 18, 2010 (Docket No. 34)

    Plaintiffs Manuel Flores and Alejandro Sicajau have filed a motion for leave to file a motion to reconsider.[1]  They ask the Court to reconsider its March 18, 2010 Order to the extent that it requires them to file declarations indicating their consent to sue within three days of the date of that Order.  The Court directed Plaintiffs to do so based on Defendants EI Maintenance Company and Ken Irwin's argument, contained in their motion to dismiss, that 29 U.S.C. § 216(b) mandated that consents be filed.

    In relevant part, Civil Local Rule 7-9 allows a party to ask a court to reconsider an interlocutory order if the party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory

---

[1] Plaintiffs entitle their motion "Motion for Reconsideration."  However, under Civil L.R. 7-9, a party may not file a motion to reconsider without leave of the court.  The Court nevertheless considers the arguments posed in Plaintiffs' motion.

order; or . . .

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

As an initial matter, Plaintiffs failed to raise in their opposition brief the arguments that they present in the current motion. Therefore, under Civil L.R. 7-9, the Court need not entertain their request to reconsider. Nevertheless, the Court considers Plaintiffs' arguments and revises its prior order as explained below.

Other circuit courts have explicitly stated that the consent requirement contained in § 216(b) applies only to collective actions. See, e.g., Harkins v. Riverboat Svcs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004); Allen v. Atl. Richfield Co., 724 F.2d 1131, 1135 (5th Cir. 1984). Plaintiffs have explicitly stated that they are not pursuing a collective action, and their First Amended Complaint does not indicate otherwise.

Accordingly, the Court amends its Order of March 18, 2010 (Docket No. 33) and withdraws its direction to Plaintiffs to file declarations stating their consent to sue. To reflect this change, the Court strikes from that Order Section I and the relevant portions of lines four through nine on page six. Defendant EI Maintenance Company shall file their answer within twenty-one days of the date of this Order.

IT IS SO ORDERED.

Dated: March 29, 2010

CLAUDIA WILKEN
United States District Judge

2